UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DATANYA SHANAY MORGAN,     Plaintiff,

v.     Civil Action No. 3:23-cv-594-DJH

COMMONWEALTH OF KENTUCKY *et al.*,     Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff DaTanya Shanay Morgan filed the instant *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss the complaint.

### I. SUMMARY OF ALLEGATIONS

Plaintiff sues the Commonwealth of Kentucky; Jefferson County Family Court Judge Angela Christine Ward; and Barbara Scheer, whom she identifies as a social service clinician with the Cabinet for Health and Family Services.

As her statement of claim, Plaintiff states the following:

> I claim harm by way of trespass. Kentucky Constitution Bill of Rights. Section 14 redress of injuries or wrong. All courts shall be opened, and every person for an injury done him/her in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay.

In the "Relief" section of the complaint form, Plaintiff states, "Claimant is seeking damages in the amount of sum certain three million United States dollars ($3,000,000)."

Plaintiff attaches several exhibits to the complaint, including a complaint she filed with the Kentucky Judicial Conduct Commission against Ward, in which she alleged breach of contract, "fraud upon the court by officer of the court," and treason. Subsequent to filing the complaint, Plaintiff has filed several other exhibits. Two of the exhibits concern a complaint she filed with the United States Department of Justice (D.N.s 12 and 13). Another exhibit is a document written by a Georgia state senator dated September 25, 2008, titled, "The Corrupt Business of Child Protective Services" (D.N. 15). The final exhibit is an Emergency Custody Order removing Plaintiff's minor child from her custody and an affidavit supporting the removal of custody, which is signed by Scheer (D.N. 16).

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III. ANALYSIS

Because Plaintiff alleges a violation of her constitutional rights, the Court construes the complaint as being brought under 42 U.S.C. § 1983. *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989) (holding that § 1983 is the exclusive remedy for constitutional violations brought against state and local officials). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. *Commonwealth of Kentucky*

With regard to Plaintiff's claim against the Commonwealth of Kentucky, a state is not a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, the Court will dismiss the claim against Commonwealth of Kentucky for failure to state a claim upon which relief may be granted. Additionally, the Eleventh Amendment acts as a bar to all claims for relief against the Commonwealth of Kentucky. A state

and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Therefore, the Court will also dismiss the claim against the Commonwealth of Kentucky for seeking monetary damages from a defendant who is immune from such relief.

### *B. Ward*

Ward is a Jefferson County Family Court Judge who presumably presided over Plaintiff's child custody proceedings. Judges are entitled to absolute immunity from suit for all actions taken in their judicial capacity. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)). A judge is entitled to immunity from suit even when accused of acting in bad faith, maliciously, or corruptly. *Mireles*, 502 U.S. at 11. Judicial immunity can be overcome in only two situations--for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Stump*, 435 U.S. at 356-57. There is no indication that the actions

alleged in the complaint were not in the scope of Ward's judicial capacity as the presiding judge in the family court case or that she was not acting within her jurisdiction. Therefore, Plaintiff's claim against Ward must be dismissed for failure to state a claim upon which relief may be granted.

### C. Scheer

Plaintiff's exhibits show that Scheer was the social worker who signed the affidavit in support of removing Plaintiff's minor child from her custody. Social workers enjoy absolute immunity when they engage in conduct "intimately associated with the judicial process." *Cunningham v. Dep't of Children's Servs.*, 842 F. App'x 959, 966-67 (6th Cir. 2021) (citation omitted). This means that "[s]ocial workers are absolutely immune only when they are acting in their capacity as legal advocates." *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000) (en banc). "A social worker acts as a legal advocate when initiating court proceedings, filing child-abuse complaints, and testifying under oath . . . ." *Barber v. Miller*, 809 F.3d 840, 844 (6th Cir. 2015). The Sixth Circuit has held that "[s]ocial workers enjoy broad immunity - ranging from immunity not only for negligent misrepresentations to the court . . . but to knowing and intentional misrepresentations as well." *Cunningham*, 842 F. App'x at 965 (citing *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 422-23 (6th Cir. 2001); *Barber*, 809 F.3d at 844).

Because Plaintiff's claim against Scheer is based upon the actions taken in the course of Plaintiff's state-court child-custody proceedings, Scheer is immune from suit, and this claim will be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

The Court will enter a separate Order dismissing the complaint for the reasons stated herein.

Date:   June 7, 2024

David J. Hale, Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
4415.010